IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD D. WALLACE,

       Plaintiff,                  No. 2:08-cv-3169 JFM (PC)

    vs.

CALIFORNIA DEPARTMENT OF
JUSTICE, et al.,                       ORDER AND

       Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, presently incarcerated in the Solano County jail, proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis.

       Examination of the in forma pauperis affidavit reveals that plaintiff is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff names the California Department of Justice, Adult Probation, Solano County and the Department of Corrections as defendants herein. Plaintiff contends that the Department of Justice failed to tabulate his criminal offender record correctly. Plaintiff argues that the Adult Probation Department and the Department of Corrections have violated his freedom of residence, association and assembly, and contends he is being subjected to cruel and

unusual punishment and being held illegally against his will.  Finally, plaintiff contends he is "presently in trial because the courts denied him probation based on outdated information." (Complt. at 2.)  Plaintiff seeks money damages and a pardon of his past criminal record, as well as immediate release from custody.  (Id.)

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against California state defendants are frivolous and must be dismissed.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the court is required to determine whether a judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has been invalidated.

This court finds that plaintiff's action implicates the validity of plaintiff's confinement, and that plaintiff has not shown that the confinement has been invalidated.  To the contrary, plaintiff admits he is presently in trial because probation was denied.  For that reason, this § 1983 action should be dismissed without prejudice.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

The United States Court of Appeals for the Ninth Circuit has authorized courts to construe actions challenging the fact or duration of a prisoner's confinement as habeas corpus

actions in appropriate circumstances. See Tucker v. Carlson, 925 F. 2d 330 (9th Cir. 1991). However, issues concerning misapplication of state sentencing statutes do not generally implicate constitutional rights. Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (absent showing of fundamental unfairness, state court's misapplication of its own sentencing laws does not justify federal habeas relief).

Moreover, even if the court were to construe plaintiff's filing as a petition for writ of habeas corpus, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980). A federal court should abstain from adjudicating a lawsuit if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 532, 102 S.Ct. 2515 (1982).

The instant action does not present such unusual circumstances. In Huffman v. Pursue, Ltd., 420 U.S. 592, 608, 95 S.Ct. 1200 (1975), the U.S. Supreme Court held that even

when the appellee's trial was over by the time Pursue brought its federal complaint, a losing party like Pursue must exhaust its state appellate remedies before seeking relief in the federal court, unless an exception to Younger applies. In World Famous Drinking Emporium, Inc. v. Tempe, 820 F.2d 1079, 1082 (9th Cir.1987), the Ninth Circuit held, for Younger abstention purposes, exhaustion of state appellate remedies did not occur until the losing party appealed the adverse rulings to the state supreme court. Failure to exhaust state appellate remedies satisfies the requirement of ongoing state proceedings. Id.

As noted above, it is clear from the face of plaintiff's complaint that his criminal case is presently ongoing. There is nothing to indicate plaintiff cannot raise his concerns about the application of his offender record to the pending criminal action. Moreover, plaintiff remains free to appeal the state court's decision concerning same. Because plaintiff's criminal action is presently pending, the first prong of Younger is met.

Younger held that interference with a state criminal prosecution would disrupt the exercise of a basic state function, "prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its law and Constitution." Younger, 401 U.S. at 51-52. A criminal prosecution implicates important state interests. Accordingly, the second Younger requirement is met.

Finally, "[w]here valid state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of constitutional claims.'" Middlesex County Ethics Comm., 457 U.S. at 432 (internal citation omitted). Federal plaintiffs "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings. . . ." Juidice v. Vail, 430 U.S. 327, 337, 97 S.Ct. 1211 (1977); Communications Telesystems International v. California Public Utility Commission, 196 F.3d 1011, 1019-20 (9th Cir.1999). The state courts routinely consider federal constitutional issues as part of the criminal appellate process. See, e.g., People v. Phillips, 135 Cal.App.4th 422, 424, 37 Cal.Rptr.3d 539 (3rd Dist.

2006) (considering appellant's claim that the trial court improperly denied his motion to represent himself under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525 (1975)).  Thus, the third requirement of Younger is met as well.

Thus, to the extent petitioner seeks habeas relief, his claims are barred by Younger and should be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted; and

2. The Clerk of the Court is directed to assign a district judge to this case.

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 21, 2009.

UNITED STATES MAGISTRATE JUDGE

001; wall3169.56